[Department One—May 11, 1883.]

# D. J. QUIMBY, RESPONDENT, *v.* JOHN L. LYON ET AL., APPELLANTS.

PLEADING—MONEY HAD AND RECEIVED.—In an action for money had and received to the use of the plaintiff, it is not necessary to allege a request or demand for the payment of the money. Such an allegation is usual, but not essential to the sufficiency of the complaint.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

*Harmon & Galpin,* for Appellants, argued that a demand was necessary, and should have been alleged. The principal authorities cited by them are referred to in the opinion of the court.

*E. F. Preston,* for Respondent, contended that no demand was required, and cited a large number of authorities in support of his position. The following are the most important: *Utica Bank* v. *Gieson,* 18 Johns. 485; *Calais v. Whidden,* 64 Me. 253; *Stetson* v. *Howe,* 31 Me. 353; *Hawley* v. *Sage,* 15 Conn. 54; *Spence* v. *Thompson,* 11 Ala. 746; *Rutherford* v. *McIvor,* 21 Ala. 750; *Hall* v. *Marston,* 17 Mass. 577, 579.

McKINSTRY, J.—The appeal is on the judgment roll, and the single point is made that the complaint does not allege a demand and refusal to pay the money. The objection was not made in the court below.

The complaint avers: "Heretofore, to wit, on the 29th day of December, 1878, the said defendants were indebted to the plaintiff in the sum of $1,500, gold coin of the United States, for money had and received by said defendants upon the 28th day of December, 1878, for the use and benefit of the plaintiff. That no part," etc.

It is settled that the "common counts" can be used in this State. (*Abadie* v. *Carrillo*, 32 Cal. 174.)

"In point of form there are in pleading two descriptions of request, one termed a special request, and the other, the *licet sæpe requisitus*." (1 Chitty's Pleadings, 16 Am. Ed. 541.)

A special request need not be stated or proved in the case of common counts for goods sold, work and labor, money lent, etc. The *licet sæpe requisitus*, though usually inserted in the common breach to the money counts, is of no avail in pleading, and the omission of it will in *no case* vitiate the pleading. (Chitty's Pleadings, 329–331.)

As was said by the Supreme Court of Connecticut: "When money is received by one man, which belongs to another, the law raises a promise on the part of the receiver that he will pay it, and that, too, without any previous request. If, therefore, from the situation of the parties, or the relation in which they stood to each other, this implied promise could have been rebutted, the defendant should have shown it. But as he has shown nothing but a desire to keep the plaintiff's money, his case must be governed by the general rule applicable to a precedent debt or duty." (*Hawley* v. *Sage*, 15 Conn. 56.)

The action for money had and received may be maintained whenever an equity arises from the circumstance that one man has money which he ought to pay to another. There is no presumption that the one in possession holds the money under a contract express or implied to retain it until the party entitled to it shall actually demand it.

The California cases relied upon by appellants do not sustain their position. In *Reina* v. *Cross*, 6 Cal. 30, it was said: "A party receiving money to the use of another is rightfully in possession until the same is demanded." But there were two counts in the complaint and the other was held good, so that the *dictum* with reference to the first was not necessary to the determination of the appeal. In *Stanwood* v. *Sage*, 22 Cal. 517, it would seem that the complaint did allege a demand, and the court did not hold, nor was it called on to hold, that the averment of demand was necessary. *Campbell* v. *Jones*, 38 Cal. 507, was an action, *in tort*, for specific personal property, with damages for its detention. The complaint showing affirmatively that defendant

came rightfully to the possession of the property, the omission to aver a demand for its delivery or refusal, or its conversion, rendered — said two of the five justices — the complaint fatally defectiv

Judgment affirmed.

Ross, J., and McKEE, J., concurred.