[Department One. — June 16, 1883.]

# HENRY PIERCE, Respondent, *v.* J. W. WHITING ET AL., Appellants.

ATTACHMENT — UNDERTAKING TO RELEASE PROPERTY — RECITALS. — An undertaking was given to obtain the release of personal property from attachment. The undertaking recited the commencement of the attachment suit, and that certain property of the defendant therein had been seized by the sheriff under the attachment. The only property attached was a vessel known as the *Startled Fawn*, and on the giving of the undertaking the property was released. *Held*, that the recitals in the undertaking were conclusive as between the parties, and that the sureties were precluded from showing that the property did not belong to the defendant in the attachment suit.

ID. — DEMAND — PLEADING. — The undertaking stipulated that in case of the recovery of a judgment by the plaintiff in the attachment suit, the defendant should surrender the property on demand to be applied in payment of the judgment, or that in default thereof he and his sureties would on demand pay to the plaintiff the value of the property not exceeding a specified sum. The only demand alleged in the complaint was a demand on the principal for the amount of the payment, and for the redelivery of the property. *Held*, that in order to maintain an action against the sureties on the undertaking, a demand upon them and their principal for the payment of the value of the property was also necessary, and that the complaint was fatally defective in failing to allege such a demand.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are sufficiently stated in the opinion of the court.

*J. C. Bates*, for Appellant.

A demand on the sureties was necessary. (Chitty on Pleadings, 15 Am. Ed. vol. 1, p. 331; *Morgan* v. *Menzies*, 60 Cal. 341; *Williamson* v. *Blattan*, 9 Cal. 500; *Bush* v. *Stevens*, 24

Wend. 257; *Nelson* v. *Bostwick*, 5 Hill, 37; *Douglass* v. *Rath-bone*, 5 Hill, 143; *Smith* v. *Jewell*, 14 Gray, 223; *Kinkead* v. *Shreve*, 17 Cal. 275; *Palmer* v. *Vance*, 13 Cal. 558; *Baker* v. *Fuller*, 21 Pick. 322; *Hogins* v. *Arnold*, 15 Pick. 263; *Barnes* v. *Parker*, 8 Met. 134; *Southwick* v. *First Nat. Bank of Mem-phis*, 84 N. Y. 428; *Munger* v. *Albany City National Bank*, 85 N. Y. 583; *Kettle* v. *Lipe*, 6 Barb. 469; *Gillett* v. *Balcom*, 6 Barb. 373.)

Surety may show defendant did not own property. (*Bauer* v. *Antoine*, 22 La. An. 145; *Smith* v. *Jewell*, 14 Gray, 223; *Koeniger* v. *Creed*, 58 Ind. 554.)

*George A. Nourse*, for Respondent.

The recitals in the undertaking as to the ownership of the property attached concludes the sureties. (*Smith* v. *Fargo*, 57 Cal. 157; *McMillan* v. *Dana*, 18 Cal. 339; *Bowers* v. *Beck*, 2 Nev. 150; Drake on Attachment, § 339; *Decker* v. *Judson*, 16 N. Y. 439.)

No demand of the sureties was necessary. (*Halleck* v. *Moss*, 22 Cal. 266; *Ziel* v. *Dukes*, 12 Cal. 479; *Wenman* v. *Mohawk Ins. Co.* 13 Wend. 268; *Robinson* v. *Williams*, 8 Met. 454–56; *Metrovich* v. *Jovovich*, 58 Cal. 341.)

McKEE, J.—This suit is founded upon an undertaking, given in an attachment suit brought by the plaintiff against Frederick A. Hyde. The undertaking was given for the release from attachment of the yacht *Startled Fawn*, which had been seized, by the attachment issued in the case, as the property of the said Hyde, to secure payment of any judgment which might be recovered in the action against him. By the undertaking, the defendants promised that in case the plaintiff recovered judgment against Hyde in the action, he would, on demand, redeliver the property so released from the attachment, to the proper officer to be applied to the payment of the judgment; or that, in default thereof, he and the sureties would, on demand, pay to the plaintiff the full value of the property released, not exceeding the sum of two thousand five hundred dollars.

In the attachment suit judgment was recovered against Hyde.

The judgment remained unsatisfied, and an execution was regularly issued upon it and placed in the hands of the proper officer, for collection according to law. The officer, with the execution in hand, demanded of Hyde payment of the judgment and a redelivery of the yacht to be applied to the satisfaction of the judgment. But the judgment was not paid, nor was the yacht redelivered, and hence this suit upon the undertaking.

The plaintiff had judgment, from which the defendants appeal; and it is contended, first, that the judgment is erroneous, because the court on the trial of the case excluded evidence, which they offered, to prove that the yacht, when it was attached, was not the property of Hyde.

But their undertaking recites the bringing of the attachment suit; the issuance of the writ of attachment therein against the defendant Hyde, and the attachment of his property, namely, the yacht called the *Startled Fawn*, and that upon the execution of the undertaking in accordance with the provisions of sections 554 and 555 of the Code of Civil Procedure, the property was released by order of the court from the attachment. These recitals are as between the parties to the undertaking conclusive evidence of the facts recited. (Sub. 2, § 1962, Code Civ. Proc.; *Palmer* v. *Vance*, 13 Cal. 558; *Smith* v. *Fargo*, 57 Cal. 157; *Bowers* v. *Beck*, 2 Nev. 150; Drake on Attachments, § 339.) There was, therefore, no error in excluding the evidence.

But it is contended, secondly, that the action itself was not maintainable against the defendants, because the complaint failed to show or aver any demand on them to pay the value of the property released from the attachment.

Demand and refusal by the principal to pay the amount of the judgment, and to redeliver the property released from the attachment, to be applied to the satisfaction of the judgment, *are* averred and found. But the defendants did not bind themselves to pay the judgment, nor are they sued for its non-payment; they are sued for a breach of their obligation to pay the value of the property which their principal refused to deliver. In default of redelivery they were bound to pay the value of the property, but only according to the terms of their contract. By those terms the rights and remedies of the parties are to be determined; for the law binds a party to a contract only accord-

ing to its terms. Now the terms are that in case of default by their principal to deliver the property, to be applied to the satisfaction of the judgment against him, he, and they, as sureties for him, will pay the value of the property on demand. This is not an independent promise to pay an indebtedness of their own, or a certain sum of money to another. If it were, no demand would be necessary as preliminary to payment. The rule is that where a person promises, without qualification, to pay money to another, either generally or on demand, the money becomes due simultaneously with the promise, and in default of payment suit may be maintained against the promisor without a demand in fact. (*Quimby* v. *Lyon*, 63 Cal. 394; *Thompson* v. *Ketcham*, 8 Johns. 189; *Bank of Columbia* v. *Hagner*, 1 Peters, 455.) But it is otherwise where the duty to pay does not arise until after demand, or where there is a promise by sureties to pay a collateral sum on demand. In such cases there must be a demand in fact before suit is brought. The rule in those cases is thus stated by Mr. Addison, in his work on Contracts: "Where by the expressed terms of a contract the duty to pay money, or to tender some particular service is not to arise until after demand has been made, there is no cause of action until demand has been made. Thus where a man covenants or agrees to pay the debt of some third party, on demand, or to deliver up a bond to be canceled on request, there the demand or request is a condition precedent to the existence of any cause of action."

The case of *Sicklemore* v. *Thistleton*, 6 Maule & S. 9, illustrates the rule as to promise for payment of money to a third person. In that case the plaintiff declared upon a lease in which the defendant had, as surety for the tenant, covenanted "that the tenant should at all times during his term, well and truly pay or cause to be paid to the plaintiff the rents as they became due, according to the terms of the lease, and that in case the tenant should neglect to pay the rent for forty days, defendant shall pay on demand." Speaking of the covenant of the surety, Lord Ellenborough said: "I own that I cannot help thinking this is a qualified covenant, and that the stipulation, that if the lessee shall neglect to pay for forty days, the surety shall pay on demand . . . . does, in reasonable construction,

pervade and restrain the former covenant. According to the authority of *Browning* v. *Wright*, 2 Bos. & P. 13, covenants ought to be construed with due regard to the intention of the parties, as it is to be collected from the whole context of the instrument, so as to make one entire and consistent construction of the whole. And it appears to me that that would not be a consistent or just construction of this instrument, which would have the effect of making the defendant, who is only a surety, liable in the first instance, without notice, immediately upon the rent becoming due." And Bayley, J., said: "It is not possible that the latter clause, as it regards the surety, is a qualification of the former. Covenants must necessarily be construed all together in order to attain their true meaning. The meaning of these covenants is, that the defendant does not become chargeable *eo instanti* the rent becomes due, but only after forty days non-payment and after demand made."

It is a well-settled rule of law, says the Supreme Court of Kentucky, that wherever one party is required to do an act upon the demand of another, performance or an offer to perform must be within a reasonable time after demand; that is, "so much time as is necessary to do conveniently what the contract requires to be done." And this of course depends upon the nature of the act to be done, and the relative situation and circumstances of the parties. When the contract is for the payment of money on demand, it has been held that a failure to comply, *immediately*, with the demand, affords a ground of action. (*Blackwell* v. *Fosters*, 1 Met. Ky. 88.) A demand before suit was therefore essential to fix the liability of the defendants upon their undertaking. They promised upon the express condition that demand should be made upon them and their principal for the payment of the value of the property released in case of his failure to redeliver it. The complaint was, therefore, defective in not containing an averment of demand. So in *Morgan* v. *Menzies*, 60 Cal. 341, where an action was brought on an attachment bond conditioned for the payment to the defendant, in the attachment suit, in case he recovered judgment, of all costs and damages sustained by reason of the attachment, not exceeding a certain sum of money, this court held that the complaint was insufficient, on the grounds that there were no averments in the

complaint that payment had not been made, or that a demand had been made.

*Metrovich* v. *Jovovich,* 58 Cal. 341, is not analogous to the case in hand. In that case demand of the property released was made of the defendants, and the principal question involved was, whether the terms of their undertaking were complied with by an offer to return or by a return of a portion of the property attached. Nor does *Halleck* v. *Moss,* 22 Cal. 266, conflict with the views herein expressed. That was an action upon an indemnity against loss in a sale of stock, in which the promisor, by an independent agreement, undertook to pay to plaintiff, on demand, any deficiency resulting from a sale of the stock, and the Supreme Court held that as the promisor had notice of the sale and of the deficiency, his promise to pay was absolute and no demand was necessary. His promise was not collateral to a third person. The relation of principal and surety did not exist between the parties to the indemnity. "We cannot" say the court, "see anything in the contract which gives him the rights of a surety. We might inquire whose liability to pay does he guarantee, or for whom is he surety. The contract is solely his own." The difference between that case and the case in hand lies in the fact that in that there was a duty to pay and no actual demand was necessary. The bringing of the suit was sufficient. In this the promise to pay a collateral sum on demand was in the nature of a penalty, and not as a precedent duty, and therefore a demand was necessary before action brought. For the demand is part and parcel of the contract, and must be proved, and no cause of action arises until a demand be made.

If there is any principle of law well settled, it is that the liability of sureties is not to be extended beyond the terms of their contract. To the extent and in the manner and under the circumstances pointed out in their obligation they are bound, and no further; they are entitled to stand on its precise terms. (*People* v. *Buster,* 11 Cal. 215; *People* v. *Breyfogle,* 17 Cal. 504; *Tarpey* v. *Shillinberger,* 10 Cal. 391; *Smith* v. *United States,* 2 Wall. 234; *Miller* v. *Stewart,* 9 Wheat. 703.)

Judgment reversed and cause remanded, with direction to the court below to sustain the demurrer.

Ross, J., and McKinstry, J., concurred.