[Civ. No. 1827. Second Appellate District.—October 3, 1917.]

# F. H. DUNHAM, Appellant, v. WM. Z. McDONALD, Respondent.

PAYMENT BY MISTAKE—RIGHT TO RECOVER MONEY.—A party may recover money paid under a mistake of fact regardless of his own carelessness, unless the payment has caused such a change in the position of the other party that it would be unjust to require him to refund.

ID.—MONEY HAD AND RECEIVED—DEMAND BEFORE ACTION.—In the ordinary action for money had and received by one party for the use of another, demand is unnecessary to be made before suit is brought, and the rule applies generally in all cases where by reason of a contract, express or implied, the obligation of the debtor is fully liquidated and the duty rests upon him at all times to pay.

ID.—WHEN DEMAND NECESSARY.—The rule that a demand is unnecessary before bringing an action for money had and received is inapplicable where the debtor does not know or is excused from inquiring that he owes the money.

ID.—ACTION FOR MONEY HAD AND RECEIVED—CROSS-COMPLAINT—RECOVERY OF OVERPAYMENTS MADE BY MISTAKE—DEMAND.—In an action for moneys had and received, a demand is necessary to the filing of a cross-complaint for the recovery of money alleged to have been paid under mistake, where it appears from the pleading that defendant was to account to plaintiff according to the several amounts which he was entitled to offset for disbursements and through mistake did not include all of the items he was entitled to charge against the plaintiff, there being no allegation that plaintiff had any better knowledge of the facts and circumstances than defendant.

ID.—PLEADING—CROSS-COMPLAINT—SUFFICIENCY OF ALLEGATIONS.—Allegations of the cross-complaint are not to be helped out by any allegations or admissions contained in the main pleadings.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge.

The facts are stated in the opinion of the court.

Snyder & Woods, and W. C. Snyder, for Appellant.

Geo. L. Keefer, for Respondent.

JAMES, J.—Appeal from an affirmative judgment entered in favor of defendant. Plaintiff brought this action to recover moneys which he alleged remained in the hands of defendant and to which plaintiff was entitled. On the eighteenth day of August, 1910, pursuant to negotiations theretofore had, defendant addressed a letter to the plaintiff at Santa Paula, California, in the following terms:

"I hereby confirm my verbal agreement with you as follows: In case I accept the lease on certain ground owned by G. W. Faulkner and contracted for in that certain lease and agreement dated August 13th, 1910, I have agreed with you: First: Out of any profits coming to me, either in land, cash, royalty, or otherwise, after I have settled with Consulting Geologist H. R. Johnson, whose portion of all such is to be ⅛th interest. Second: And after I have deducted the actual expenses incurred by reason of the geological examination of the leased lands and the exploitation of said leased lands by

development, sale or otherwise, then from the interest then remaining to me in such lands, cash, or royalty, or otherwise, I am to give you the equivalent of $\frac{1}{4}$ of all such remaining interest so accruing to me, either in land, cash, royalty or otherwise, that may be received therefrom by me, which is to be in full payment to you for all your services rendered in aiding me to procure said lease.''

Written acceptance of this proposition was made by the plaintiff. Thereafter defendant disposed of his rights in the land and lease. Plaintiff in his complaint alleged that defendant received the sum of thirteen thousand five hundred dollars as consideration for his rights in the land, but that defendant by communications and statements led the plaintiff to believe that defendant received only the sum of ten thousand dollars; that settlement was made upon the basis of the ten thousand dollar consideration, and that after October 22, 1912, plaintiff for the first time learned that defendant had received more than ten thousand dollars for his interest in the land and lease. The prayer of the complaint was for judgment for the sum of $765.62. Defendant in his answer took no issue upon the allegation in plaintiff's complaint that he had led plaintiff to believe in the manner alleged that the total consideration for the sale of his interest in the land was the sum of ten thousand dollars. He proceeded, however, after admitting that the sum of thirteen thousand five hundred dollars was received, to allege that that sum was the gross amount, and that the defendant had expended such a sum of money on account of the disbursements mentioned in the written contract as to result in his having overpaid the plaintiff. Defendant filed a cross-complaint in which he sought to recover the sum of $749.29 on account of such alleged overpayment. It is upon the prayer of this cross-complaint that recovery was allowed to the defendant by the court. A second amended cross-complaint was filed during the course of the trial. Oral demurrer was made thereto that the alleged cross-complaint did not state facts sufficient to constitute a cause of action. No objection was made to the form of the demurrer, which was promptly overruled by the trial judge, and it was stipulated that the allegations of the cross-complaint might be deemed to be denied. The trial then proceeded. It is the contention of appellant, first, that the cross-complaint did not state facts sufficient to constitute a

cause of action; that the court erred in overruling the demurrer. It is argued first that there was no sufficient statement of facts entitling the defendant to maintain any claim on the account by reason of any alleged mistake. Particularly is it urged that the facts as alleged constituting the mistake are not such as to afford ground for a cause of action. In that part of the amended cross-complaint most material to this consideration is the following:

"That on or about August 4, 1911, and January 26, 1912, when defendant paid respectively $437.50 and $1,750 to plaintiff and which sums make up the $2,187.50 received by plaintiff, the expenses above mentioned had been incurred, and paid by plaintiff, and through the First National Bank of Ventura, California, and through the Ventura Development Company of Ventura, and defendant thought he had all the items of said expense well in mind, but through inadvertence and unconscious forgetfulness of some of said items of expense he made a clerical error in computation and overpaid plaintiff the sum of $749.29; and defendant alleges that he did not realize his said mistake in overpaying plaintiff until plaintiff commenced this action and then defendant for the first time got together vouchers from said Development Company and said bank for the actual and necessary expenses connected with the said transaction, which vouchers were the means of proving to defendant that he made the said mistake. Wherefore defendant prays for judgment against plaintiff for the sum of $749.29 and for defendant's costs in this action."

It does reasonably appear from the allegation quoted that all of the matters which the defendant alleged he had overlooked were within his easy reach; in other words, that the means of knowledge was at hand at all times. However, by a statute of this state (Civ. Code, sec. 1577), mistake is defined to exist where it is caused by "(1) an unconscious ignorance or forgetfulness of a fact past or present, material to the contract; or, (2) belief in the present existence of a thing material to the contract, which does not exist, or in the past existence of such a thing, which has not existed." It appears to be the settled law that a party may recover back money paid through error, regardless of his own carelessness, with the condition only that the opposite party has not been caused to suffer damage thereby. In the case of *National*

*Bank of California* v. *Miner*, 167 Cal. 532, [140 Pac. 27], quoting from a New York decision, our supreme court declares: " 'It is now settled, both in England and in this state, that money paid under a mistake of fact may be recovered back, however negligent the party paying may have been in making the mistake, unless the payment has caused such a change in the position of the other party that it would be unjust to require him to refund.' " Under such a state of the law the cross-complaint of the defendant, while showing negligence on his part, nevertheless, no affirmative allegations appearing in the answer to bring the case within the exception noted, did contain facts, so far as the alleged mistake was concerned, to entitle defendant to recover. Also included within the general grounds of demurrer were the objections that the amended cross-complaint failed to state facts sufficient to constitute a cause of action, (1) because it was not alleged that demand for the payment of the money had been made of the cross-defendant prior to the filing of the cross-complaint; (2) it was not alleged that the money had not been paid. In the ordinary action for money had and received by one party for the use of another, demand is unnecessary to be made before suit is brought. (*Quimby* v. *Lyon*, 63 Cal. 394.) This rule applies generally in all cases where by reason of a contract, express or implied, the obligation of the debtor is fully liquidated and the duty rests upon him at all times to pay. (See *Pierce* v. *Whiting*, 63 Cal. 538.) We apprehend that this duty to pay does not arise until the debtor has knowledge, or should have knowledge by reason of the circumstances, that he actually owes the claimant money. If he does not know and under the circumstances is excused from inquiring to ascertain the fact, then it would seem that he should be entitled to have demand made upon him and the opportunity to settle before suit. This case, under the allegations of the amended cross-complaint, is of that complexion. The defendant in his cross-complaint referred to the same contract which we have quoted hereinbefore, from which it appears that he was to make his accounting to the plaintiff according to the several amounts which he was entitled to offset and which disbursements he himself was to make. He alleges that through mistake he did not include in his calculation all of the items which he was entitled to charge against the plaintiff. He does not allege that the

cross-defendant had any better knowledge of the circumstances and facts than he had. Under such circumstances we think that a demand for payment was a prerequisite to the filing of the cross-complaint. It seems too clear for argument that it was necessary also to show by appropriate allegation in the cross-complaint that the money claimed by the defendant of the plaintiff had not been paid—in other words, that there was an existing debt. Allegations of the cross-complaint are not to be helped out by any allegations or admissions contained in the main pleadings. (*Coulthurst* v. *Coulthurst*, 58 Cal. 239; *Harrison* v. *McCormick*, 69 Cal. 616, [11 Pac. 456].) For the reasons last stated, we think that the demurrer to the amended cross-complaint should have been sustained.

Other objections made by the appellant require an examination of the evidence to determine their validity, insufficiency of the proof being assigned. As the action of necessity must be retried and different evidence may be offered at that time, we do not think it profitable to enter upon an examination of that portion of the record.

The judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.