[Civ. No. 5325. First Appellate District, Division One.—December 1, 1926.]

## L. E. BURCKARD, Respondent, v. G. A. SMITH, Appellant.

[1] MONEY HAD AND RECEIVED—PAYMENT UNDER MISTAKE OF FACT—NEGLIGENCE—CHANGE IN POSITION.—Money paid under a mistake of fact may be recovered back, however negligent the party paying may have been in making the mistake, unless the payment has caused such a change in the position of the other party that it would be unjust to require him to refund.

[2] ID.—FOREIGN SUIT—STATUTE OF LIMITATIONS—EVIDENCE.—In this action to recover the amount of an overpayment to defendant, due to a mistake made by plaintiff's assignor as to the amount of credit established by a bank in Spain in favor of the party in that country to whom defendant had sold certain goods, the amount of the overpayment having been admitted, but defendant having pleaded as a defense that, prior to the time he learned that a mistake had been made, he had instituted a suit in Spain against said party to recover the purchase price of goods subsequently sold, and that in said suit he had given credit for the amount of the overpayment, and the statute of limitations barred an amendment withdrawing such credit, the burden was on defendant to prove those facts, and this he failed to do.

[3] ID.—RESPONSIBILITY FOR MISTAKE—ACTION TO RECOVER OVERPAYMENT—PARTIES.—In such action, the evidence having shown that the mistake was caused by plaintiff's assignor (a United States bank), that it assumed the responsibility for the mistake, and that the accounts between it and the bank in Spain were adjusted accordingly, there was no merit in defendant's contentions that the evidence did not support the trial court's finding that the sum of money overpaid to defendant was the money and property of plaintiff's assignor and that the action had not been brought in the name of the real party in interest.

(1) 30 Cyc., p. 1316, n. 14; 35 Cyc., p. 604, n. 65, p. 605, n. 67, p. 611, n. 48.   (2) 30 Cyc., p. 1325, n. 77, 79.   (3) 4 C. J., p. 1056, n. 79, p. 1057, n. 83; 30 Cyc., p. 1325, n. 78.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walton J. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

1. See 17 Cal. Jur. 617; 2 R. C. L. 784.

Minor Moore for Appellants.

H. J. Angell and W. W. Wallace for Respondent.

KNIGHT, J.—Plaintiff as assignee of the Irving National Bank of New York recovered a judgment against defendant for the payment of the sum of $2,000 alleged to be due on account of an overpayment made to defendant on the purchase price of merchandise sold by defendant to a corporation in Spain. The defendant appeals.

It appears that during the summer of 1919 appellant sold 500 sacks of chick peas (garbanzos) to El Triunfo, a corporation of Bilboa, Spain, payment therefor being made through credit established by a Madrid bank with the Irving National Bank of New York, the money being actually paid to appellant in Los Angeles by a bank in that city. A mistake was made in arranging the credit with the New York bank and instead of establishing the amount thereof in the sum of $11,500, as was intended, the New York bank gave credit for $13,500. As a result thereof appellant was overpaid $2,000, for which amount he has been sued. As between said banks the responsibility for the mistake appears to have been assumed by the one in New York, it being allowed a debit by the Madrid bank of only $11,500, and so far as the evidence shows their accounts with each other were adjusted accordingly.

Appellant concedes the fact that there was an overpayment to him of $2,000 on the sale of the 500 sacks of peas, but he endeavors to justify the retention of the overpayment mainly upon the ground that he was paid the full amount of said credit as the result of the negligent act of said banks and that he accepted the same believing he was entitled thereto, and that prior to the time he learned that a mistake had been made and he was called upon to rectify the same he had in good faith disbursed said money and that under the circumstances it would be unjust to require him to refund. In this respect it was alleged in the answer that during the summer of 1919 he made sales of peas to El Triunfo in addition to the 500 sacks mentioned and that when notified by the New York bank of the credit in his favor for $13,500 he did not know the amount of the purchase price for the 500 sacks, but believing that the payment

of the $13,500 was to apply on account of all peas sold, he collected the full amount thereof and gave credit on his books therefor; that later he was informed by his agent in Spain that the correct amount of the purchase price of the 500 sacks amounted to only $11,500, and he immediately instructed said agent to credit the additional sum of $2,000 received by him on such additional sales; that thereafter, and before he learned that a mistake had been made in arranging the amount of the credit, he disbursed the entire sum of said $2,000, one-half thereof being paid to his agent in Spain as commissions and the remainder used in purchasing additional peas under a subsequent contract with El Triunfo. It was further alleged that after instructing his said agent to allow El Triunfo a credit of $2,000 on the sale of peas other than those constituting the 500-sack shipment, and before he was notified that a mistake had been made in arranging said credit with the New York bank, he instituted an action in the courts of Spain against El Triunfo for the sum of $4,000, which represented the amount due him on account of the sale of the additional peas and that in such action he allowed credit for the $2,000 which was overpaid on said 500 sacks consignment, and that now if he is compelled to refund he will in addition to the loss already mentioned be required to forfeit the sum of $2,000 thus pleaded as a credit in the action in the courts of Spain because the statute of limitations bars an amendment withdrawing such credit from the pleadings.

The trial court found, among other things, that appellant made no sales of peas to El Triunfo other than the 500 sacks mentioned and that, although he was unaware at the time he received the sum of $13,500 of the amount of the purchase price for said 500 sacks, he did not believe that the credit thus established covered additional sales, nor did he credit the full amount received to the account of El Triunfo; furthermore, the court found that it was not true that appellant disbursed the amount of the overpayment before he learned of the mistake that had been made regarding the amount of the credit, nor was it true that he had instituted any proceedings in the courts of Spain. It is evident that the findings above noted, when considered in connection with the affirmative findings made as to the allegations of the complaint, were sufficient to entitle respondent to judgment.

[1] "The rule governing such transactions received extended consideration in *Crocker-Woolworth Bank* v. *Nevada Bank*, 139 Cal. 564 [96 Am. St. Rep. 169, 63 L. R. A. 245, 73 Pac. 456]. There, amongst other quotations and citations of authority, the following language from the *National Bank of Commerce* v. *National Mechanics Association*, 55 N. Y. 213 [14 Am. Rep. 232], is repeated: 'It is now settled, both in England and in this state, that money paid under a mistake of fact may be recovered back, however negligent the party paying may have been in making the mistake, unless the payment has caused such a change in the position of the other party that it would be unjust to require him to refund.' And the matter is summed up by this court in the following language: 'An examination of the cases will show that in all well-considered adjudications recognition, tacit or express, is given to these principles. Their ultimate analysis amounts to this: That plaintiff, even if negligent, may recover if his act has not changed the position of an innocent defendant to his detriment.'" (*National Bank of California* v. *Miner*, 167 Cal. 532 [140 Pac. 27].)

[2] Appellant contends, however, that the finding in negation of the allegations that he filed an action in the Spanish courts is contrary to the evidence. Bearing in mind that the burden was upon appellant to prove the fact mentioned, we think he utterly failed to do so. The testimony relating to this subject was given by appellant, and in its entirety it was as follows: "I commenced a suit in the courts of Spain against El Triunfo. I signed the original of this affidavit, which is in Spanish and sent it to Spain." The contents of the document referred to by the witness was not introduced in evidence; it was written in Spanish, and he did not know its contents because he could not read the Spanish language; and so far as the record discloses, the document may have related to a subject entirely foreign to the matter at issue. His bare statement that he had commenced suit in Spain was merely his conclusion; and even if the testimony quoted was sufficient upon which to base an affirmative finding of fact, the evidence failed to show that the statute of limitations under the Spanish law barred an amendment to his pleadings, as he claimed.

Appellant further testified as follows: "After I received the $13,500 from this draft I gave credit to El Triunfo on

my books for that amount. . . . Upon receipt of the $13,500 I disbursed it. I did not have any of it at the time I received notice from this bank that they wanted it returned to them. Besides paying a portion of it to Villanueva (appellant's agent in Spain) for his services, I paid other portions of it for the purchase of garbanzos'' (meaning garbanzos for El Triunfo, under the later contract). In view of this testimony appellant claims that the negative findings upon the matter referred to therein are erroneous. The question of whether appellant gave proper credit on his books for the amount he received appears to be entirely immaterial. As to the matter of the disbursement of the $2,000 it does not appear that appellant remitted any part of the same to Villanueva. He merely gave him book credit for the sum of $1,000; and in regard to the payment of other portions of the overpayment in making purchases of garbanzos, the evidence shows that the later contract under which he claims to have made the purchases was not binding upon El Triunfo and in fact had been repudiated by said company because after receiving it from El Triunfo duly signed, and before attaching his signature thereto, appellant altered its contents in material respects; and, moreover, the manner in which a copy of said contract was first produced in court in which said alterations were not made to appear was sufficient to justify the trial court in receiving the entire testimony of appellant with distrust.

[3] The trial court also found "that said sum of $2000 (paid by the New York bank to appellant) was the money and property of said Irving National Bank of New York." The sufficiency of the evidence to support this finding is also assailed, and in connection therewith appellant contends upon the assumption that said money was not the property of the New York bank, but belonged to the bank in Madrid, that the action herein, being based upon the assignment from the New York bank, has not been brought in the name of the real party in interest. We find no merit in either point. The fair inference from the correspondence between the two banks is that the fault for the mistake lay with the New York bank in not giving heed to the statements made in the later correspondence from the bank in Madrid, which clearly indicated that the limit of the credit was to be $11,500, and, as already stated, the New York bank appears to have as-

sumed the responsibility for the mistake and the accounts between the two banks have been adjusted accordingly. Moreover, we think the question of the determination of the title to the money is not one that is of vital importance to the appellant. He admits having been overpaid; in this action he has asserted and had passed upon all of the defenses and counterclaims which were available to him against the Madrid bank, and it is evident from the correspondence of the latter bank, wherein the New York bank was charged with the mistake, a duplicate recovery for the amount herein sued for could not be possibly maintained against appellant. It would therefore seem plain that his rights are not affected by the findings complained of.

The letter from the bank in Madrid to the New York bank, dated February 28, 1920, was clearly admissible in evidence. Its contents show that a mistake had been made in the amount of the credit, a fact which appellant admits, and also that the money sued for herein was the property of respondent's assignor, which was a material issue in the case.

The remaining points urged by appellant are either already answered by what has been said or else they are entirely foreign to the facts involved herein and therefore need not be noticed.

The judgment is affirmed.

Campbell, J., *pro tem.*, and Tyler, P. J., concurred.