[Civ. No. 12142. Second Appellate District, Division One.—January 11, 1939.]

BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION (a National Banking Association), Petitioner, v. THE MUNICIPAL COURT OF THE CITY OF LOS ANGELES, Respondent.

334

Louis Ferrari, Edmund Nelson and G. L. Berrey for Petitioner.

No appearance for Respondent.

THE COURT. — An action was filed in the Municipal Court of the City of Los Angeles by Mrs. Rudolph Culli, plaintiff, against the petitioner herein, asking for a judgment on the first cause of action of her complaint for the sum of $371.77, alleging conversion by the bank of funds of the plaintiff in that amount. The second cause of action of the said complaint realleged the allegations of the first cause of action and alleged an indebtedness due plaintiff for money had and received in the same sum of $371.77. The petitioner herein filed a general denial of the said first cause of action on the ground of lack of information or belief. As to the second cause of action it filed a general denial, and set up as a further, second and separate defense to plaintiff's causes of action that plaintiff had no capacity to sue in either of said causes of action; and as a further, separate and third defense to each of plaintiff's causes of action, the petitioner herein, defendant therein, alleged that it had exercised a banker's lien and offset, and alleged that the defendant therein, petitioner herein, had applied to the payment of a judgment owing from one Bernard Toplitzky to the defendant the said sum of $371.77, and asked that plaintiff take nothing.

The judgment of the municipal court was in favor of the plaintiff and against the petitioner herein for the full sum of $371.77. Thereafter the petitioner herein appealed to the superior court, and the appellate department of said superior court duly rendered a judgment affirming said judgment of said municipal court and awarding costs of appeal therein.

In this petition for a writ of prohibition, petitioner alleges that the municipal court was without jurisdiction, and

in support thereof alleges that the action in the municipal court was a suit in equity by a beneficiary. The point is without merit. In the first place, there was no demurrer interposed and the case was tried in the municipal court without presenting the points here raised. In the second place, the plaintiff pleaded an action in conversion in the first count of her complaint and one for moneys had and received in the second count. Under both these counts she clearly had a right to recover in the municipal court. (*Smith* v. *Farmers & Merchants Bank*, 2 Cal. App. 377, 381 [84 Pac. 348]; *Lynch* v. *Wells-Fargo Bank & Union T. Co.*, 114 Cal. App. 565, 574 [300 Pac. 74], and cases therein cited.)

The petition for an alternative writ of prohibition is therefore denied.