[Civ. No. 18001.   First Dist., Div. Two.   July 28, 1959.]

JAMES G. KOLIAS, Respondent, v. C. J. COLLIGAN, Appellant.

Marvin J. Colangelo for Appellant.

James P. Preovolos for Respondent.

DRAPER, J.—This action arises out of a construction contract. Knowing that a commercial concern desired to lease a building built to its specifications, defendant Colligan negotiated with plaintiff, who owned vacant land in an industrial section of San Francisco. By letter, Colligan offered to plan, build, finance and lease a building for plaintiff for $67,500. Plaintiff accepted the offer. Long-term financing in the sum of $50,000 would not be available until completion of the building. As part of his "package deal" Colligan arranged for Mrs. Waegemann (named as a defendant herein but not served) to provide the interim financing, and also to loan $17,500 on security of a second deed of trust. To secure Mrs. Waegemann's advances for the interim financing, plaintiff's property was transferred to her, to be reconveyed to plaintiff when the building was completed and the long-term loans were made. Plaintiff asked that the location of the building

on the lot be changed somewhat from that planned by Colligan. The latter notified plaintiff that this would require additional work and, some four months before completion, sent a letter advising plaintiff of this fact and specifying the amounts to be charged for a portion of this extra work. Plaintiff did not sign an approval of this letter until shortly after completion of the building. At about the time of this acceptance, Colligan sent plaintiff a bill detailing all extras, in an amount totalling some $9,000. Seven months later, plaintiff paid the charges for extras in full. One day less than two years after payment, he brought this action to recover $8,455.74 paid for extra work. Defendant cross-complained for interest and rents amounting to $3,431.80 which he claims was erroneously omitted from his bills to plaintiff. After trial without a jury, the court awarded plaintiff $2,629 on the complaint, granted cross-complainant $1,271, and entered judgment in favor of plaintiff for the net amount of $1,358. Defendant appeals.

Appellant first argues that work performed by a building contractor in addition to that contracted for is compensable. But respondent concedes that reasonable charges for extra work are recoverable. The only question here is whether the charges represent the reasonable value of such work. This is clearly the theory upon which the case was tried.

Appellant next asserts error in the admission of any evidence relating to the reasonable value of the extra work. The argument is that respondent voluntarily paid these charges, and that payments voluntarily made are not recoverable. But in overruling appellant's single objection to such evidence, the court pointed out that he would be allowed to offer evidence as to the claimed voluntary character of the payment. Much evidence on this issue was in fact introduced by both parties. At most, the objection raised a question as to the order of proof. We find no abuse of discretion in the ruling. In any event, appellant was in no way prejudiced, since the issue was fully tried and was determined against him.

There is substantial evidence that neither respondent's acknowledgment of the charges nor his payment of them was voluntary. Appellant's joint venturer, Mrs. Waegemann, held title to respondent's property. There is evidence that she and appellant would not reconvey to respondent until he acknowledged and paid the charges for extra work. It follows that the acknowledgment and payment here were made under compulsion, and were not voluntary. (See *Trower* v. *City & County of San Francisco*, 152 Cal. 479, 483

[92 P. 1025, 15 L.R.A. N.S. 183].) ██ Whether respondent, as a reasonably prudent person, acted under compulsion is a question of fact for the trier of fact (*Steffen* v. *Refrigeration Discount Corp.*, 91 Cal.App.2d 494 [205 P.2d 727]), which has, on substantial evidence, resolved it against appellant.

██ Appellant argues that respondent's action is barred by laches. Assuming availability of this defense, it has no application here. There is no showing of any disadvantage to appellant by reason of delay. There is no remote indication that any evidence on this subject became unavailable in the period between payment and filing of this action. ██ Appellant suggests no other detriment to him by reason of this delay. This fact is fatal to his claim of laches. (*Wilkerson* v. *Thomas*, 121 Cal.App.2d 479, 489-490 [263 P.2d 678].)

██ Appellant also urges that the complaint is defective in failing to allege a demand for payment. However, the California rule seems clear that allegation of demand is not essential to the common count (*Quimby* v. *Lyon*, 63 Cal. 394) except in special circumstances (*Dunham* v. *McDonald*, 34 Cal.App. 744 [168 P. 1063]) which are not present here. This point was not presented to the trial court, either by demurrer or otherwise.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.