[Civ. No. 25969.  First Dist., Div. Two.  Feb. 16, 1970.]

FIRST SAVINGS & LOAN ASSOCIATION,
Cross-complainant and Respondent, v.
BANK OF AMERICA, Cross-defendant and Appellant.

## Counsel

Charles E. Cooper, Theodore Sachsman and Patrick A. Murphy for Cross-defendant and Appellant.

Breed, Robinson & Stewart and Donald L. Edgar for Cross-complainant and Respondent.

## Opinion

**TAYLOR, J.**—Bank of America (hereafter Bank) appeals from an adverse judgment allowing First Savings and Loan Association (hereafter First) restitution for its mistake in honoring a writ of execution against its depositors, Albert E. and Robin E. Bell (hereafter collectively referred to as Bell). The Bank contends that restitution was not the proper remedy as First's mistake was one of law, and the satisfaction of the Bank's prior judgment against Bell constituted a change of position. We cannot agree.

The facts are not in dispute. On July 26, 1966, the Bank obtained a judgment for $3,603.19 against Bell. On September 27, 1966, a writ of execu-

tion directed to the Sheriff of Santa Clara County was issued for the amount set forth above, and interest thereon. The sheriff, in accordance with the Bank's instructions, levied the writ on First, which at that time had an account standing in the names of Barbara Bruch and Robin Elizabeth Bell, Trustees for Robin Elizabeth Bell, under a testamentary trust (hereafter Trustees). There was no bond provided as required by Code of Civil Procedure section 682a.

First paid the sheriff the sum of $3,717.93 in response to the writ of execution. The sheriff then paid the Bank the sum of $3,692.62 in full satisfaction of the judgment and interest thereon and kept the balance for his expenses. The sheriff then returned the original writ indicating that the judgment had been satisfied.

On March 21, 1967, an action was commenced by the Trustees against First, the Bank and the sheriff. First cross-complained against the Bank and Bell, seeking restitution for any recovery obtained by the Trustees, and the Bank cross-complained against Bell. On January 26, 1968, First and the Trustees entered into a stipulation whereby First, in settlement of the Trustees' action against it, agreed to pay them $3,717.93. The Trustees' action against the sheriff was assigned to First and was subsequently dismissed. On May 7, 1968, a corrected judgment was entered against the Bank in favor of First in the amount of $3,692, together with interest, and $35 for costs and disbursements. A judgment in like amount was entered in favor of the Bank against Bell. On May 27, 1968, the Bank filed its notice of appeal from the judgment in favor of First.

The Bank argues that the trial court erred in allowing First restitution as the mistake made by First was one of law. As indicated above, First, upon being presented with the writ of execution, immediately paid the sheriff the sum of $3,717.93 without demanding delivery of a bond or waiting the 15-day period set forth in Code of Civil Procedure section 682a. The Bank correctly points out that the older California cases made a distinction between a mistake of law and a mistake of fact, and allow restitution only for mistakes of fact. However, the recent California cases appear to be following the more modern doctrine that mistakes of law and fact should be treated alike and emphasizing other factors in determining whether restitution should be granted. We think that this doctrine, set forth in 3 Corbin on Contracts (1960 ed.) page 752,[1] has great merit and is the one followed by the trial court in the instant case. In *American Oil Service* v. *Hope Oil Co.*, 233 Cal.App.2d 822 [44 Cal.Rptr. 60], an overpayment was made because

---

[1] ". . . the time has come to say that the exceptions now make the rule, that social policy requires that mistake of law and mistake of fact be treated alike, and that in granting relief for mistake the attention of the court should be directed to the other factors in the case."

the accountant misconstrued the terms of a contract. This would appear to be a clear mistake of law. The court, however, after setting forth the applicable rules,[2] then went on to characterize it as a mistake of fact and stressed the desirability of an equitable adjustment. In the recent case of *Finnegan* v. *Spiegl Farms, Inc.,* 234 Cal.App.2d 408 [44 Cal.Rptr. 645], this court permitted restitution of money paid out on a clear mistake of law without any reference to the old distinction between mistakes of law and fact. A hearing was denied by our Supreme Court.

The Bank argues that its change of position in the instant case was such as to make restitution inequitable under the particular circumstances. We do not think that the uncontroverted facts indicate any substantial or prejudicial change of position by the Bank. The Bank did not have to file a new action and thus incur additional expenses or delay. The Bank simply cross-complained and obtained a new default judgment against Bell. No evidence was introduced to show that the Bank would be any less likely to collect this judgment than the original one. Thus, the Bank has not met the burden of establishing that it has so changed its position to its detriment that restitution would be unjust (*Doyle* v. *Matheron,* 148 Cal.App.2d 521, 523-524 [306 P.2d 913]).

Affirmed.

Shoemaker, P. J., and David, J. pro tem.,* concurred.

---

[2] " 'A mistake of law occurs where a person is truly acquainted with the existence or nonexistence of facts, but is ignorant of, or comes to an erroneous conclusion as to, their legal effect. . . . A payment made by reason of a wrong construction of the terms of a contract is made under a mistake of law.' (70 C.J.S., Payment, § 156c, p. 366.) It is clear that money voluntarily paid with full knowledge of all the facts cannot be recovered back by the payor. (*Western etc. Oil Co.* v. *Title Ins. & Trust Co.,* 92 Cal.App.2d 257, 266 [206 P.2d 643]; *Texas Co.* v. *Todd,* 19 Cal.App.2d 174, 187-189 [64 P.2d 1180].) But money paid under the mistake of fact may be recovered back, however negligent the payor may have been in making the mistake, unless payment has caused such a change in the position of the payee that it would be unjust to require him to refund the payments made. (*National Bank of California* v. *Miner,* 167 Cal. 532 [140 P. 27]; *Doyle* v. *Matheron,* 148 Cal.App.2d 521 [306 P.2d 913].) Overpayments caused by clerical or accounting errors and oversights have been treated as overpayments made under a mistake of fact. (*National Bank of California* v. *Miner, supra,* 167 Cal. 532; *Doyle* v. *Matheron, supra,* 148 Cal.App. 2d 521; *Dunham* v. *McDonald,* 34 Cal.App. 744 [168 P. 1063]; *Burckard* v. *Smith,* 80 Cal.App. 104 [251 P. 663].)" (P. 830.)

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.