JEFFREY NUNAN, APPELLANT, *v.* THE CITY AND COUNTY OF SAN
FRANCISCO, RESPONDENT.

PLEADINGS—DAMAGES.—Damages, in excess of its value, for the destruction of a book, containing a subscription list, cannot be recovered, when the complaint does not allege special damage.

IDEM.—There is no necessary connection between the destruction of an account-book, and the loss of a debt therein charged.

CONSTRUCTION OF PLEADINGS—ADMISSION.—When a complaint alleges the value of all the property destroyed, for which suit is brought, in gross—for some items of which no recovery can be had—an answer, which contains no denial of the averment of value, will not be held as admitting the value of the property for which a recovery may be had.

PRACTICE—JUDGMENT FOR A LESS SUM THAN THAT ADMITTED TO BE DUE.—It is error to render judgment for a less sum than that which is admitted to be due by the pleadings.

APPEAL from the District Court of the Fourth District, City and County of San Francisco.

The case is stated in the opinion.

*R. F. Ryan,* for Appellant, cited the following authorities:

*Blankman* v. *Vallejo* (15 Cal. 628); Greenleaf on Evidence, Vol. V, 394; *Mulford* v. *Estudillo* (32 Cal. 450); *Patterson* v. *Ely* (19 Cal. 28); *Thompson* v. *Lee* (8 Cal. 275.)

*Joseph M. Nougues,* for Respondent.

RHODES, J., delivered the opinion of the Court:

The defendant admitted that the plaintiff had sustained damage by reason of the matters stated in the complaint, in the sum of $500, but the jury rendered a verdict for $350. This is clearly an error.

The plaintiff offered to prove that his book, containing the names of the subscribers to his newspaper, was destroyed, and that it cost him two dollars to obtain each subscriber; and the evidence was excluded upon the objection of the defendant. The plaintiff was entitled to recover the value of his subscription book, but not the amount that the subscription cost him. The proper enquiry is not what any article of property cost, but what it was worth when destroyed. If the plaintiff has sustained any damage by the destruction of the book, in excess of its value as a subscription list, he cannot recover therefor in this action, for this, among other reasons : that he has not alleged in his complaint that he sustained, by the destruction of the book, any special damage. He would incur expense in restoring the list, and he might not recover all the names; but it is idle to say that the destruction of the list deprived him of his subscribers. The offer was not of proof of the destruction of the book and of its value, but of proof of its destruction, together with proof of the amount that it cost him to procure the subscribers. The offer, as made, was properly rejected.

The objections are equally apparent to the plaintiff's offer to show the destruction of his cash-book, and that by reason of its destruction he lost debts to the amount of $6,700. The pleadings do not authorize the admission of the evidence. There is no necessary connection between the destruction of an account-book, and the loss of a debt therein charged.

The point that the answer admits the value of the property described in the complaint, is not well taken. The value of all the property alleged to have been destroyed—including the good will and advertising patronage—is averred in gross. The averment is not denied, but as no

recovery can be had in this action, in respect to such good will and advertising patronage, the answer will not be held as admitting the value of the other property mentioned in the complaint.

Judgment reversed, and cause remanded for a new trial.

By Crockett, J.: I concur in the judgment.