[No. 11278.    Department Two. — September 21, 1886.]

## C. P. SCHENCK, RESPONDENT, v. HARTFORD FIRE INSURANCE COMPANY, APPELLANT.

PLEADING — ACTION ON POLICY OF FIRE INSURANCE — OMISSION OF COM-PLAINT TO SET OUT APPLICATION — DEFECT CURED BY ANSWER. — The action was brought on a policy of fire insurance. The application of the plaintiff for the insurance was not attached to the complaint as an exhibit, or otherwise made a part thereof. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer being overruled, the defendant answered, setting out the application so far as necessary for its defense, and pleaded that by reason of a breach of the contract so set out, the plaintiff ought not to recover. A verdict was rendered in favor of the plaintiff, upon which the judgment appealed from was entered. Held, that the omission to set out the application in the complaint was cured by the averments in the answer.

APPEAL from a judgment of the Superior Court of El Dorado County.

The facts are stated in the opinion.

*Gray & Haven*, for the Appellant.

*Blanchard & Swisler*, and *Irwin & Irwin*, for Respondent.

FOOTE, C. — This was an action upon a fire insurance policy. A demurrer was interposed to the complaint and overruled. The defendant then filed an answer and went to trial before a jury, who found a verdict for the plaintiff. From the judgment thereupon rendered, the defendant has appealed.

The cause comes here upon the judgment roll alone, in which the defendant contends that a reversible error appears, in this, that the complaint did not have attached thereto as an exhibit, or otherwise made a part thereof, the application for insurance, which it has been declared should be done, in *Gilmore* v. *Lycoming Ins. Co.*, 55 Cal. 124.

It is true that the plaintiff did not follow in his plead-

ing the rule as laid down in that case, and the demurrer on that account should have been sustained; but the defendant in its answer set out the tenor and effect of that application so far as was deemed necessary to its defense, and pleaded that by reason of a breach of that contract so set out, the plaintiff should not be permitted to recover.

Thus there was presented to the jury for trial by the pleading of defendant an issue of fact which has been decided against it by a jury, and as there is nothing in the judgment roll to show to the contrary, we must presume that the evidence warranted the verdict.

The defect in the complaint was cured by the averments of the answer.   (Pomeroy on Remedies and Remedial Rights, sec. 579.)

By the choice of the defendant, the fact, which was essential to the plaintiff's recovery, which had been omitted to be pleaded in his complaint, was so pleaded in the defendant's answer, with a view to defeat the plaintiff's recovery, that a jury was enabled, upon evidence before it, to pass upon the issue raised and tendered by the defendant. If the defendant has been beaten upon its own chosen ground of battle, which but for its pleading could not have been there fought, we cannot see any good reason to reverse the judgment here in order that the plaintiff may plead in his complaint and tender as an issue to the defendant, to be retried, that which, of its own choice, the defendant, in its answer, has already tendered to the plaintiff, upon which the controversy has been tried before a jury, and by it determined, as we must suppose, properly.

We perceive no error prejudicial to the defendant, and the judgment should be affirmed.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.