[Civ. No. 19762. First Dist., Div. One. Sept. 26, 1962.]

RAYMOND H. BERG et al., Plaintiffs, Cross-defendants and Respondents, v. INVESTORS REAL ESTATE LOAN COMPANY, Defendant, Cross-complainant and Appellant.

Richard G. Albertson for Defendant, Cross-complainant and Appellant.

Goth & Dennis and James M. Dennis for Plaintiffs, Cross-defendants and Respondents.

SULLIVAN, J.—We are called upon to review a fragment of extensive and complex litigation which engaged the attention of the court below for a period of 44 trial days. It is not necessary to survey the panorama of the controversy. In this appeal on a clerk's transcript, appellant claims that the court erred by failing to award judgment in its favor on its cross-complaint for appellant's fractional interest in the unpaid balance claimed to be due on a certain promissory note. We confine our discussion to the facts bearing on this issue.[1]

We start with certain facts disclosed by the trial court's findings: On September 22, 1955, the respondents, Raymond

---

[1] Findings and conclusions cover 41 pages in the clerk's transcript, the findings being stated in 57 detailed paragraphs and the conclusions in 9. The judgment covers 6 pages in the transcript. In addition to the transcript, appellant has brought before us certain documentary evidence.

and Leah Berg, who are husband and wife, borrowed $11,000 from the appellant, Investors Real Estate Loan Co., delivering to appellant their promissory note which, as we shall point out, is the subject of the dispute before us. On the above date Mr. and Mrs. Berg were the owners and holders of a purchase money promissory note dated March 25, 1955, executed in their favor by one Hendricks, and secured by a third deed of trust covering certain real property located on California Street in San Francisco. Respondents by endorsement and delivery thereupon gave the Hendricks' note and deed of trust to appellant as security for their $11,000 note and at the same time executed and delivered to appellant a separate written assignment of both documents.

Respondents' $11,000 note was an installment note providing for payment of monthly installments of $200 on the 22d day of each month beginning on October 22, 1955, and continuing until October 22, 1958, at which time the entire balance became due and payable.

On October 25, 1955, appellant assigned to C. J. Borgfeldt, one of the defendants below,[2] a 6/11ths interest in respondents' $11,000 note, at the same time delivering to Borgfeldt said note itself and the Hendricks' note and deed of trust which had theretofore been given as collateral security for it. Respondents had notice of such partial assignment.

Respondents paid the monthly installments of principal and interest on their $11,000 note to and including the installment due on October 22, 1956, but defaulted on the installment due November 22, 1956. On December 14, 1956, appellant and Borgfeldt elected to and did accelerate the maturity of respondents' note and called due the unpaid balance thereof. On October 22, 1956, as the court found, there was due, owing and unpaid to Borgfeldt by virtue of his 6/11ths interest in the note the sum of $5,195.99, and to appellant by virtue of its 5/11ths interest, the sum of $4,327.18.

On December 17, 1956, the Hendricks' note for $76,656.90 and deed of trust were also in default for a number of reasons specified in the court's findings, whereupon appellant and Borgfeldt, occupying the position of beneficiaries since they held such note and deed of trust as collateral security for respondents' $11,000 note, recorded a notice of default and caused the California Street property to be sold at public

[2]Borgfeldt died on August 12, 1959, before the trial and the action thereupon proceeded against his executors. The executors have not appealed.

auction on July 23, 1957, under the power of sale conferred in the Hendricks' deed of trust. At such sale, appellant and Borgfeldt jointly purchased the property for $2,000.

Respondents thereupon commenced the instant action. Their third amended complaint, which is the only one in the record before us, contains two separately stated causes of action. The first cause sets forth certain allegations pertaining to an agreement of exchange entered into in January 1956 and subsequent to the execution of the above $11,000 note, between respondents on the one part and appellant and one Brelle on the other, covering two other parcels of real property. For our purposes here, it is not necessary to discuss the facts of such cause of action, except to state that respondents predicated thereon a claim against appellant and Brelle for $20,114.54. In their second cause of action, respondents incorporated by reference all of the allegations of the first cause of action and in addition alleged facts, stated by us above, pertaining to the $11,000 loan, the giving of the Hendricks' note and deed of trust as security therefor, and the sale of the California Street property covered by the Hendricks' deed of trust. In their allegations dealing with the $11,000 note, respondents alleged "that since the delivery of said note and assignment the said plaintiffs have paid to said defendant Investors Real Estate Loan Co. the sum of one thousand (1000) dollars."[3] Respondent sought to have the trustee's sale of the California Street property on July 23, 1957, vacated and set aside, the defendants enjoined from proceeding with any sale of said property and from foreclosing the Hendricks' deed of trust which covered it, and, as above stated, to have judgment in the amount of $20,114.54 against appellant and Brelle, and prayed "that the *amount unpaid upon said* [$11,000] *note* of said plaintiffs *be offset upon said damages* and said note and assignment cancelled and declared paid" (emphasis added), and that the respondents have judgment for the excess of the above damages over the amount due on the note. Respondents also prayed that the Hendricks' note and deed of trust be declared their property free and clear of all claims and liens of the defendants.

In its answer to the third amended complaint filed July 9, 1959, appellant admitted the allegations relating to the execu-

[3]In allegations referring to the notice of trustee's sale of the California Street property, respondents referred to appellant and other defendants as "persons who were entitled only to ten thousand (10,000) dollars of said moneys" secured by the Hendricks' deed of trust.

tion of the $11,000 note and the payment of $1,000. In a cross-complaint, filed January 22, 1960, appellant and other defendants only sought reformation of a document not pertinent here. The record does not contain the answer to said cross-complaint. On April 7, 1960, the thirty-ninth day of the trial, appellant and other defendants filed in open court an "amendment to cross-complaint and answer." The amendment, adding a second count to the cross-complaint, contained allegations dealing with the exchange of the other two properties not here involved and sought certain relief by way of reformation of the exchange agreement. It contained no allegations pertaining to the $11,000 note. The prayer of the amendment to the cross-complaint contained the following paragraph: "That the court determine, and if an accounting be necessary to such determination, that the court order an accounting, and fix the amount of principal and interest due, owing and unpaid to the parties entitled thereto on the note for $11,000, which was executed by the plaintiffs and cross-defendants, as makers, and which bears the date of September 22, 1955." The amendment of the answer merely sought amendment of its prayer by adding "[t]hat the court award to the defendants entitled thereto judgment for the sum which the court shall find and determine to be due, owing and unpaid upon said note for $11,000, together with interest thereon to the date of said judgment."

Insofar as it is pertinent to this appeal, the judgment denied respondents all recovery and relief on their third amended complaint, determined that appellant and Borgfeldt acquired full and exclusive title to and ownership of the California Street property free of any offset, claim or lien in favor of respondents, and that appellant and Borgfeldt were entitled to receive and retain the balance of $2,000 for which the trustee sold said property which balance, after allowance of $100 to the trustee as compensation, was adjudged to be $1,900. The judgment however made no provision for recovery by appellant of any amount unpaid and owing under respondents' $11,000 note in which appellant had a 5/11ths interest.[4] It is this failure which is claimed as error.

Appellant contends that such error consists in the failure of the trial court to make findings of the amount remaining

---

[4]The judgment contained express provisions that "the defendants and cross-complainants" have certain relief as we have stated above, as well as recovery of costs and receiver's fees. But the judgment, as well as the conclusions of law, is silent as to recovery on the note and does not even contain a statement denying appellant such recovery.

due, owing and unpaid on the $11,000 note, that the court merely had to engage in mathematical calculations to ascertain such amount from the sum of $4,327.18 found by the court to be due appellant for its interest on the note of October 22, 1956, after deduction of a proportion of the proceeds of the trustee's sale, that all the facts necessary to support such recovery are contained in the findings and that nothing in the findings can justify the court's failure to grant such recovery. Thus, the error is claimed to appear on the face of the record.

Where, as here, an appeal is presented on the clerk's transcript and certain exhibits and, as here, error is claimed to appear on the face of the record, it will be presumed, in the absence of proceedings to augment the record, that it contains all matters material to a determination of the points on appeal. (Cal. Rules of Court, rule 52*; *West Covina Enterprises, Inc.* v. *Chalmers* (1958) 49 Cal.2d 754, 758 [322 P.2d 13] ; 3 Witkin, Cal. Procedure, pp. 2241-2243.) ▆▆ On an appeal on the clerk's transcript alone, findings are presumptively correct (*Seay* v. *Allen* (1955) 134 Cal.App.2d 440, 444 [286 P.2d 392]) and the appellate court must assume that there was substantial evidence adduced at the trial to support the findings. (*Crowell* v. *Braly* (1959) 169 Cal.App.2d 352, 354 [337 P.2d 211].)

It is clear at the outset that there is no express finding in the record before us that any amount of money was due, owing or unpaid on the $11,000 note at the time of the trial. Had such finding been made, it is beyond dispute that the failure of the judgment to grant relief in accordance therewith would be error. (*Swanson* v. *Wheeler* (1952) 112 Cal.App.2d 43 [245 P.2d 699].) Appellant argues that the equivalent of such a finding is found in several findings from which the missing ingredient can be determined by mathematical computation. Appellant's argument is untenable. The mainstay of this argument is the court's finding, already pointed out, that on October 22, 1956, there was due, owing and unpaid to appellant for its 5/11ths interest in the note, the sum of $4,327.18. Upon this basis, the claim is made that since said date was the date of the last installment paid on the note and the findings fail to disclose any legal or equitable ground for the discharge of the obligation evidenced by the note, the ascertainment of the balance owing appellant after deducting a proportion of the proceeds of the sale, is only a matter of

---

*Formerly Rules on Appeal, rule 52.

simple mathematics. ██ On oral argument, appellant's counsel urged this claim in more direct language, stating that the findings showed October 22, 1956, to be the date of the *last* payment on the note and thereby established that no payment had thereafter been made. Counsel at that time indicated to the court that he relied upon that portion of the finding set forth by us below.[5] Contrary to counsel's claim, and as counsel conceded before us on oral argument, the pertinent finding does *not* state that the installment payment made on October 22, 1956, was the *last* payment made by respondents on their note. It states that respondents paid the monthly installments to and including the installment due on October 22, 1956, that they defaulted on the November 22, 1956, installment and that appellant and Borgfeldt accelerated the maturity of the note and called due the entire unpaid balance. It did not state, nor does any other finding state, that no other payments were made on account of the note. Thus it is not possible to ascertain from the findings which were made that an unpaid balance in some amount is owing to appellant and that therefore appellant should have had judgment for such amount in accordance with the finding in its favor.[6]

Appellant further maintains that the findings are deficient in failing to determine the amount due appellant after the foreclosure sale. Actually this is a claim that the court erred in failing to find on a material issue. In opposition, respondents argue that appellant's pleadings raised no issues justifying such affirmative relief and that the trial court properly made findings on the issues raised. (Citing, *inter alia, Skarda*

[5]Finding of fact No. 36 states in relevant part: "The plaintiffs and cross-defendants . . . paid the monthly installments . . . to and including the installment which fell due on October 22, 1956; said plaintiffs and cross-defendants defaulted in the making of the monthly payment of $200.00 which became due . . . on November 22, 1956; that said monthly installment was not paid by December 14, 1956; on said latter date the said Investors Real Estate Loan Co. and the said C. J. Borgfeldt elected to and did accelerate the maturity of said note for $11,000.00 and elected to and did call due the entire unpaid balance thereof; . . ."

[6]Appellant's claim is actually that the findings show an unpaid balance in its favor and that it was error for the court not to have awarded judgment for such amount. Appellant misconceives this claim by attempting to conclude that the court's findings are contradictory on a material issue, a part thereof supporting the judgment and a part necessarily upsetting it, so as to require reversal within the rule announced in *Learned* v. *Castle* (1889) 78 Cal. 454, 460 [18 P. 872, 21 P. 11], and *Austin* v. *Harry E. Jones, Inc.* (1939) 30 Cal.App.2d 362, 368 [86 P.2d 379] cited by appellant. Appellant does not point out in what respect the findings are contradictory. It is also worthy of note that appellant nowhere submits a calculation of the claimed unpaid balance.

v. *Malan Vibrator Co.* (1960) 180 Cal.App.2d 856, 860 [5 Cal. Rptr. 48].)

In a cause of action on a promissory note, the necessary allegations are: The execution and delivery of the instrument sued upon, the ownership of the party suing, and the amount of the indebtedness together with the fact of nonpayment. (See: 8 Cal.Jur.2d, Bills and Notes, § 193 et seq., pp. 517 et seq.; 2 Witkin, Cal. Procedure (1954) Pleading, §§ 276-277, pp. 1251-1253.) None of these allegations are contained either in appellant's cross-complaint or the amendment thereto. Appellant's answer contains no counterclaim. We have already set forth the prayer contained in the amendment to the answer and the amendment to the cross-complaint filed on the thirty-ninth day of the trial, in which appellant sought a determination of the amount due, owing and unpaid on the note. It is elementary that the prayer is no part of the statement of the cause of action (39 Cal.Jur.2d, Pleading, § 92, p. 138; 2 Witkin, Cal. Procedure (1954) Pleading, § 239, p. 1216) and that the issues involved are determinable from the facts alleged rather than from the prayer. (*Buxbom* v. *Smith* (1944) 23 Cal.2d 535, 542 [145 P.2d 305].)

Appellant attempts to excuse its total failure to allege any facts at all as the basis of affirmative relief by urging that "[a]ny failure of the pleadings of appellant was cured by the pleadings of respondents." Since no counterclaim is found in the answer and no answer to the cross-complaint or amendment thereto found in the record, appellant's claim clearly is that the deficiencies of its cross-complaint and amendment thereto are cured by the allegations of respondents' third amended complaint. A cross-complaint however must itself contain all allegations essential to a complaint on the same cause of action (*Harrison* v. *McCormick* (1886) 69 Cal. 616, 618 [11 P. 456]; *Millar* v. *Millar* (1921) 51 Cal.App. 718, 721 [197 P. 811]) and the absence of an essential allegation may not be cured or aided by allegations or admissions of the pleadings in the original action. (*Bullard* v. *Bullard* (1922) 189 Cal. 502, 505 [209 P. 361]; *Harrison* v. *McCormick, supra; Dunham* v. *McDonald* (1917) 34 Cal.App. 744, 749 [168 P. 1063].) The cases cited by appellant are distinguishable since they all involve permissible aider in situations where defects in a complaint are properly aided or cured by averments in the answer.[7] They do not relax the rule

[7]Appellant cites *Vance* v. *Anderson* (1896) 113 Cal. 532 [45 P. 816] (complaint cured by answer); *County of San Diego* v. *Seifert* (1893)

stated above that a cross-complaint must itself be sufficient and cannot be cured by the pleadings in the original action, that is, the complaint and answer, apart from permissible incorporation by reference. Appellant relies heavily on *Doble Co.* v. *Keystone etc. Co.* (1904) 145 Cal. 490 [78 P. 1050] for the proposition that a defective cross-complaint may be cured by averments in the original complaint. A careful reading of such case however persuades us that although such defect consisting of a failure to allege nonpayment was "sufficiently disposed of by the original complaint, and the plaintiff's answer to the cross-complaint" (145 Cal. at p. 496) the decision therein rested upon the doctrine of aider by averments in the opposite pleadings, namely the answer to the cross-complaint, as can be seen from the court's citation of *Vance* v. *Anderson, supra*; *Daggett* v. *Gray* (1895) 110 Cal. 169 [42 P. 568]; and *Schenck* v. *Hartford Fire Ins. Co.* (1886) 71 Cal. 28 [11 P. 807] in all of which cases a defect in the complaint was cured by the answer and of *Cohen* v. *Knox* (1891) 90 Cal. 266 [27 P. 215, 13 L.R.A. 711] where a defect in the complaint was cured by an averment of the omitted facts in the cross-complaint and plaintiff's admission thereof in the answer to the cross-complaint. In the case before us, appellant does not claim that the defective cross-complaint or amendment thereto is cured by averments in the answer thereto.

What we have said above disposes of appellant's claim that the admissions in the pleadings by plaintiff "conclusively entitle" appellant to recover on its cross-complaint for the sums admitted. In support of this proposition, appellant cites a number of authorities, including *Nunan* v. *City & County of San Francisco* (1869) 38 Cal. 689; *Joshua Hendy Machine Works* v. *Pacific Cable Constr. Co.* (1893) 99 Cal. 421 [33 P. 1084]; *Lifton* v. *Harshman* (1947) 80 Cal.App.2d 422 [182 P.2d 222]; and *Butler* v. *Stratton* (1949) 95 Cal.App.2d 23 [212 P.2d 43]. The foregoing authorities need not be discussed in detail. In general they present the usual situation where allegations of a complaint are admitted by the answer thereto or where the allegations of a pleading amount to a

97 Cal. 594 [32 P. 644] (complaint cured by answer); *Flinn* v. *Ferry* (1900) 127 Cal. 648 [60 P. 434] (complaint cured by answer). Appellant also includes with the foregoing cases *Diefendorff* v. *Hopkins* (1892) 95 Cal. 343 [28 P. 265, 30 P. 549], where a defect in the answer was cured by the findings. As pointed out in *Vance, supra*, the curative property of an answer can be found in mere denials as well as affirmative allegations contained therein. (See generally 2 Witkin, Cal. Procedure (1954), Pleading, § 518, pp. 1511-1512; 39 Cal.Jur.2d, Pleading, § 355 et seq., p. 482 et seq.)

concession of a material fact, thus not placing it in issue. But none of these cases involve situations where a defective cross-complaint is aided or cured by admission in a complaint, which is the essence of appellant's claim here. ▮ As already stated, the admission relied upon by appellant is that made in the third amended complaint filed on February 17, 1958, to the effect that since the delivery of the note "the said plaintiffs have paid to . . . [appellant] the sum of one thousand (1,000) dollars. . . ." This is fairly consistent with the court's finding that on October 22, 1956, there was due, owing and unpaid to Borgfeldt on his 6/11ths interest in the note $5,195.99 and to appellant on its 5/11ths interest $4,327.18, making a total of $9,523.17. But neither the plaintiff's allegation nor the court's findings necessarily establish that there was any unpaid balance at the time of the trial.

Appellant makes the additional arguments that "[t]he issues raised and tried without objection may be broader than those set forth in the pleadings"; that "[t]he respondents have waived the right to attack the pleadings of appellant, having voluntarily submitted and tried the issue claimed lacking"; and that "[t]he respondents are estopped to complain of any failure of the pleadings of appellant." Thus, in a variety of ways, appellant advances the proposition that defects in its pleadings were cured by the fact that the parties to the instant case voluntarily submitted to the court below the issue of appellant's recovery on the promissory note and that the court adjudicated such issue.

It is well established that, where the parties tender an issue at the trial, there treating it as though it had been presented by the pleadings, and the court makes findings thereon supported by substantial evidence, it is not prejudicial error that the pleadings fail to allege sufficient facts to raise such issue. (*Gerstner* v. *Scheuer* (1949) 91 Cal.App.2d 123, 128 [204 P.2d 937]; *Drullinger* v. *Erskine* (1945) 71 Cal.App.2d 492, 497 [163 P.2d 48]; *Ades* v. *Brush* (1944) 66 Cal.App.2d 436, 444 [152 P.2d 519]; see generally 39 Cal.Jur.2d, Pleading, § 360, pp. 486-488.) Under the foregoing authorities, if the parties to the instant case had in fact treated the issue of appellant's right to a recovery on the note as being involved in the trial and the court below had made a finding favorable to appellant on such issue, then the court's failure to award recovery to appellant in the judgment would be error, despite the defective condition of appellant's pleadings. However, the trial court did not adjudicate such issue in favor of appellant and,

as we have already pointed out, did not make findings here to support a judgment for appellant for the unpaid balance of the note. Indeed on the present record and lacking a reporter's transcript, it cannot be determined that the parties did actually go to trial on such issue. It is appellant's duty here to present a transcript which affirmatively shows on its face that an error has occurred. (*Utz* v. *Aureguy* (1952) 109 Cal.App.2d 803, 807 [241 P.2d 639] ; 3 Witkin, Cal. Procedure (1954) p. 2302.)

The judgment is affirmed.

Bray, P. J., and Molinari, J., concurred.