Filed 1/22/14  Cong v. Hawkins CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SHANELLE DANAE CONG, | D062819 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2012-00095552-CU-HR-CTL) |
| APRIL HAWKINS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Theodore M. Weathers, Judge.  Affirmed.

April Hawkins, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant April Hawkins, acting in propria persona, appeals from an order of the trial court denying her motion to modify an existing civil harassment restraining order.  On appeal, she vigorously disputes the allegations of wrongdoing set forth in the applicant's request for the restraining order.

Although Hawkins has provided us with a reporter's transcript of one of the hearings on her motion to modify, she has not provided a reporter's transcript of the initial hearing on the request for a restraining order or complete transcripts of what occurred at a later hearing on her motion to modify. Given this limited record, we must presume that Hawkins was given an adequate opportunity to dispute the accusations made against her, that entry of the restraining order in the first instance was proper and that the trial court acted properly in denying her motion to modify.

Accordingly, we affirm the order denying Hawkins's motion to modify.

FACTUAL AND PROCEDURAL BACKGROUND[1]

On April 16, 2012, Shanelle Cong filed a request for a civil harassment restraining order against Hawkins. In her request, Cong stated Hawkins was a woman who dated Cong's husband while Cong and her husband were separated. According to Cong, she and her husband had reconciled.

Cong further stated that Hawkins was "constantly calling leaving messages. Coming to our house unexpec[ted]ly in the early mornings with people to fight us. Breaking our windows intimidating our kids. Threat[en]ing to fight us and doing stuff to our property. We can't sleep through the night. We had to move due to her violence and harassing us every time we go outside we have to worry about our cars being vand[a]lized. She is showing signs of unstableness. Putting my kids in danger by breaking windows in our home."

---

[1] We have augmented the record with the superior court file. (Cal. Rules of Court, rule 8.155(a).)

A temporary restraining order was issued on April 16, 2012, preventing Hawkins from having contact with Cong, her husband Carlos and their three children. The order also prohibited Hawkins from owning or possessing any firearms.

On May 7, 2012, a hearing on Cong's request that the restraining order be extended was held. Cong and Hawkins both testified. Although the court extended the restraining order for three years, the court denied Cong's request that Carlos be included as a protected person under the extended order.

The record shows that the reconciliation between Cong and her husband was short-lived. Although the trial court's unwillingness to include Carlos as a protected person under the extended order suggests that as early as May 7, 2012, Hawkins and Carlos had renewed their relationship, any doubt about the status of their relationship was resolved on September 5, 2012. On that date, Hawkins filed a document styled as an appeal from the restraining order in which she denied that she had ever subjected Cong or her children to any harassment. Hawkins further stated that she and Carlos Cong were living together, that the Congs were going through a divorce and that the restraining order made it difficult for Carlos Cong to exercise his weekend visitation rights with his two children. The appeal was supported by a statement from Carlos Cong in which he asked the trial court to provide relief from the restraining order so that he and Hawkins could go forward with their relationship.

A hearing on Hawkins's appeal, which the trial court treated as a motion to modify, was initially set for September 13, 2012. Hawkins has provided us with a

3

reporter's transcript of the September 13 hearing. It shows that Hawkins appeared, but Cong did not. The transcript also shows the trial court apparently believed the hearing had been set to determine whether the initial temporary restraining order would be extended.[2] In light of this apparent misunderstanding, the trial court initially advised Hawkins that Cong's case had been dismissed.

However, at some point shortly after Hawkins had left the courthouse, the trial court discovered its error and, according to Hawkins's brief, a court employee called her and told her that the judge made a mistake and the restraining order was still in effect. The minute order the trial court filed following the September 13 hearing is consistent with this aspect of Hawkins's brief. The minute order states that Hawkins was present, that Cong was not, that the matter was taken off calendar and that, on its own motion, the trial court continued the matter to October 9, 2012.

On October 9, 2012, the court heard Hawkins's request for relief from the restraining order. Hawkins appeared at the hearing; again, Cong failed to appear. The trial court denied what it interpreted as Hawkins's request to modify the restraining order. The trial court advised Hawkins to file a notice of appeal and directed Carlos Cong to file appropriate paperwork in the family court.

---

2    The trial court stated: "In other words, you were served with a temporary restraining order and today was the date and time set for a hearing to determine whether or not that order would be permanent, in other words, last for longer than a couple weeks. The petitioner has the burden. The lady that served you in this case has the burden. She's decided not to show up. So the case goes away. So the temporary restraining order is gone and there's no hearing set to determine whether or not there should be an order. In the event she wants to pursue this further again, she'd have to start all over again."

Hawkins filed a timely notice of appeal from the order denying her motion to modify the restraining order and an opening brief.  Cong did not file a respondent's brief.

DISCUSSION

On appeal, Hawkins again contests Cong's allegations of any wrongdoing on her part.  Hawkins states that she and Carlos Cong now have a newborn child, that she has no reason to put his children in any danger and that the restraining order is interfering with her ability to move forward with her life with Carlos Cong.

The principal hurdle Hawkins faces in attacking the order denying her motion to modify is her failure to provide us with an adequate record.  Although she requested a reporter's transcript of the September 13, 2012 hearing on her motion to modify, the record contains no reporter's transcript of the May 7, 2012 hearing at which the restraining order was extended for three years and no reporter's transcript of the October 10, 2012 hearing at which her motion to modify the restraining order was denied.

"It is well settled, of course, that a party challenging a judgment [or order] has the burden of showing reversible error by an adequate record."  (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.)  "'A judgment or order of the lower court is *presumed correct*.  All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . .' [Citation.]"  (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.)  In the absence of a proper record on appeal, the judgment is presumed correct and must be affirmed.  (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.)  A proper record includes a reporter's transcript or settled statement of any hearing leading to the order

5

being challenged on appeal.  (See *Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532; *Berg v. Investors Real Estate Loan Co.* (1962) 207 Cal.App.2d 808, 817-818; *Utz v. Aureguy* (1952) 109 Cal.App.2d 803, 806-807.)

Without a proper record, we can neither determine what findings, if any, the trial court made, nor evaluate its reasoning, in connection with its granting of the restraining order or later denial of Hawkins's motion to modify the restraining order.  (See *Ballard v. Uribe*, *supra*, 41 Cal.3d at pp. 574-575 ["It is well settled, of course, that a party challenging a judgment [or order] has the burden of showing reversible error by an adequate record" and "we have no occasion to consider further the merits" of the appeal when a party fails to do so].)  In particular, here we have no ability to review what facts the trial court considered in determining that Cong's accusations were credible and that her need for protection outweighed the burden the order imposed on Hawkins and her relationship with Carlos.

## DISPOSITION

The order is affirmed.

BENKE, Acting P. J.

WE CONCUR:

HALLER, J.

McDONALD, J.

6