Filed 12/10/14  Marriage of Levy CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of BATSHEVA and WAYNE LEVY. | D064722 |
| BATSHEVA LEVY, | |
| Appellant, | (Super. Ct. No. DN165133) |
| v. | |
| WAYNE LEVY, | |
| Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Thomas Ashworth III, Judge.  Affirmed.

Batsheva Levy, in pro. per., for Appellant.

Stephen Temko for Respondent.

Appellant in this case challenges a marital dissolution judgment entered following trial of disputed property and support issues.  In light of appellant's election to provide us

with neither a reporter's transcript of proceedings in the trial court nor a settled statement, our review of the judgment is limited to the clerk's transcript and by the well-established presumptions in favor of the validity of the judgment. On the record before us, we find no legal error and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant Batsheva Levy (Batsheva) and respondent Wayne Levy (Wayne) were married on August 1, 1998. They have two minor children: Abigail, who was born in 2006, and Ari, who was born in 2008. They separated on May 9, 2011. After Batsheva filed a dissolution petition, the parties stipulated that Judge Thomas Ashworth could serve as judge pro tem for all purposes and as a mediator.

Mediation was not successful, and trial of disputed property and support issues took place on three days between December 2012 and March 2013. The trial court entered a judgment as to status only on January 3, 2013.

The trial court entered a statement of decision as to the disputed property and support issues on May 24, 2013. Although Batsheva argued that Wayne was hiding community assets and that Wayne's father, who controlled a family owned limited partnership, was manipulating Wayne's income in order to reduce his support obligation, after considering a great deal of evidence from forensic accounting experts, the trial court accepted Wayne's representation of his income and assets.

Based on its findings as to Wayne's income and assets, the trial court awarded Batsheva $4,551 in child support and $6,750 in spousal support. The trial court awarded

2

each party as separate property assets they held at the time of the marriage and divided the community property evenly. Because, although earlier in the proceedings Batsheva had been represented by counsel, at the time of the statement of decision she represented herself and her prior counsel had made no request for fees, the trial court denied her request for attorney fees. The trial court also found that she was unable to contribute to Wayne's attorney fees. A judgment on the statement of decision was entered, and Batsheva filed a timely notice of appeal from the judgment.

Following entry of judgment, the trial court entered an order on disputed child sharing issues. The order denied Batsheva's request that the children's therapist be changed and that Abigail's school be changed. Batsheva filed a second notice of appeal that refers to a postjudgment order entered on September 5, 2013. Like Wayne, we interpret the second notice of appeal as commencing an appeal from the trial court's child sharing order.

## DISCUSSION

### I

The principal issue we confront here is Batsheva's failure to provide a reporter's transcript of either the trial or the postjudgment hearing with respect to child sharing or a settled statement with respect to those proceedings. "It is well settled, of course, that a party challenging a judgment [or order] has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) "'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged

3

to support it on matters as to which the record is silent . . . .'  (Orig. italics.)  [Citation.]"  (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.)  In the absence of a proper record on appeal, the judgment is presumed correct and must be affirmed.  (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296.)  A proper record includes a reporter's transcript or settled statement of any hearing leading to the order being challenged on appeal.  (See *Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532; *Berg v. Investors Real Estate Loan Co.* (1962) 207 Cal.App.2d 808, 817–818; *Utz v. Aureguy* (1952) 109 Cal.App.2d 803, 806–807.)

As Wayne notes, an appeal without a reporter's transcript is called an appeal "on the judgment roll."  (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082-1083.)  On such appeals we "'must conclusively presume that the evidence is ample to sustain the [trial court's] findings.'"  (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.)  "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*.  To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error.  [Citation.]  The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence.  [Citations.]"  (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)

This limitation on our review precludes the bulk of Batsheva's contentions on appeal, in which she challenges the trial court's findings on the merits.  As to those

4

arguments, we are compelled to presume the trial court's findings are supported by sufficient evidence, that, as to any disputed question of fact, the trial court, on a sufficient record, resolved those questions of fact in Wayne's favor or, in the alternative, that the record of the trial court's proceedings, if presented, would show that Batsheva failed to adequately preserve the issues she asserts for our review. (See *Ballard v. Uribe*, *supra*, 41 Cal.3d at p. 574; *Maria P. v. Riles*, *supra*, 43 Cal.3d at pp. 1295–1296.) Accordingly, contrary to Batsheva's arguments, the record does not show that any error occurred with respect to almost all of the issues Batsheva raises.[1]

The only issue for which there appears to be any adequate record is with respect to Batsheva's contention that Judge Ashworth should not have presided over trial of the parties' disputes. The record shows that at the outset of proceedings the parties stipulated that Judge Ashworth could act both as trial judge and mediator. After lengthy mediation efforts and a great deal of expense had not resolved the parties' disputes, Judge Ashworth felt that it was appropriate to again ask the parties to stipulate that he could continue in

---

[1]    Thus, we are compelled to reject Batsheva's contentions: that the trial court erred in its zero valuation of Bradford Holdings, Bradford Homes I, Bradford Homes II and Bradford Homes III; that the court's forensic accountant was not given adequate access to Wayne's books and records; that Wayne's income was incorrectly calculated; that the trial court, in its capacity as a mediator, erred in meeting privately with Wayne's father; that Wayne had an untrustworthy character; that Wayne was guilty of forgery or concealment that caused any miscalculation of community assets or debts; that the trial court erred in calculating the value of community assets and failing to properly consider the impact of a loan application Wayne made in 2010; that Wayne and the trial court permitted community property to be dissipated; that the trial court erred in finding that she had not worked since the birth of Abigail; that the trial court erred in considering the taxable nature of Wayne's income; that the trial court erred in its ruling denying her request for attorney fees; and that the trial court erred or abused its discretion in its ruling on child care issues.

both roles.  Batsheva declined to provide a renewed stipulation as to Judge Ashworth's dual roles.  Thereafter, Judge Ashworth did not engage the parties as a mediator, but he did preside over trial of the parties' disputes.  Although the record shows Batsheva did not agree that Judge Ashworth could continue to act as both trial judge and mediator, and in fact asked that trial of the matter be reassigned to another private judge or returned to the superior court, nothing in the record shows she objected when thereafter Judge Ashworth conducted trial on the merits of the parties' disputes.  More importantly, there is nothing in the record which shows that, if Batsheva objected to Judge Ashworth presiding over trial of the merits of the parties' disputes, she sought any writ review of his decision to do so.  "'Under our statutory scheme, a petition for writ of mandate is the *exclusive* method of obtaining review of a denial of a judicial qualification motion.'" (*People v. Freeman* (2010) 47 Cal.4th 993, 1000; see Code Civ. Proc., § 170.3, subd. (d).)  Having failed to object at the time trial commenced, and having failed to seek any writ review before Judge Ashworth's conduct of the trial, Batsheva may not now challenge the propriety of Judge Ashworth presiding over the trial.  (See *Kern County Dept. of Child Support Services v. Camacho* (2012) 209 Cal.App.4th 1028, 1038; *Moulton Niguel Water Dist. v Colombo* (2003) 111 Cal.App.4th 1210, 1218.)

6

## DISPOSITION

The judgment and order are affirmed.  Wayne to recover his costs of appeal.

BENKE, Acting P. J.

WE CONCUR:

HUFFMAN, J.

McDONALD, J.