Filed 4/22/21  Norholm v. Cirovic CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| POUL NORHOLM et al., | 2d Civil No. B308563 |
| | (Super. Ct. No. 17CV-0387) |
|   Cross-complainants and Appellants, | (San Luis Obispo County) |
| v. | |
| MICHAEL CIROVIC et al., | |
|   Cross-defendants and Respondents. | |

Norholm Builders, Inc. (Norholm Builders) and Poul Norholm appeal on the clerk's transcript from an order granting respondents Michael and Maria Cirovic's motion for new trial on appellants' cross-complaint.[1]  The jury returned a special verdict finding in favor of appellants and awarding Norholm Builders damages for breach of contract.  Respondents claimed that the

---

[1] A court reporter was not present during the trial, so there is no reporter's transcript of the proceedings.

jury had committed misconduct by including appellants' attorney fees in the award of damages. The trial court granted a new trial on the ground of jury misconduct. We agree with appellants that there was no misconduct. Accordingly, we reverse.

*Procedural Background*

In 2017 respondents filed a complaint against appellants consisting of five causes of action. Appellants filed a cross-complaint against respondents consisting of seven causes of action. Appellants requested general damages of $18,688.50 "plus additional amounts according to proof." They did not separately request attorney fees. The jury returned special verdicts in favor of appellants on respondents' complaint and in favor of Norholm Builders on appellants' cross-complaint. The jury awarded damages of $27,688.50 to Norholm Builders for breach of contract. Judgment in this amount was entered in favor of Norholm Builders.

Respondents claimed that the damages improperly included an award of $20,000 for appellants' attorney fees. After judgment was entered, respondents filed a motion to modify "the judgment award . . . to strike any portion of the award attributable to attorneys fees." In support of their motion, they attached declarations under penalty of perjury from two jurors – presiding juror D.P. and E.B. D.P. declared that the damages award consisted of $7,688.50 "for outstanding amounts still owed to" appellants plus "attorneys fees in the amount of $20,000.00." E.B. declared: "[T]he jury . . . calculated the amount of damages recoverable by [appellants] to be $27,688.50, of which $7,688.50 was for the remaining balance owed on the contract, and $20,000.00 was for attorneys fees paid by [appellants]. The specific amounts were calculated by some of the jurors, and

2

presented to the group for approval.  [¶]  I do not recall any testimony in the case stating that the attorneys fees were $20,000.00, but at least one of the jurors was adamant that this was the amount and should be part of the award."

In its written opposition to the motion, Norholm Builders argued that the jury declarations were inadmissible, the damages award of $27,688.50 was supported by the evidence, and that respondents "should not be able to complain of juror misconduct regarding attorney fees when they failed to have the jury instructed to not consider them."  Respondents had not requested CACI No. 3964, which provides, "You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit."  The trial court noted that in its opposition Norholm Builders did "not argue that there was a contractual or statutory basis for an award of attorney fees."

In supplemental briefing respondents stated, "[N]o case law had been found to allow for modification of an award 'post-judgment' that involved a jury trial."  Respondents requested that, if the trial court cannot reduce the damages award because judgment has already been entered, the court should grant a new trial based on jury misconduct.

In its written ruling the trial court stated:  "[It] specifically recalls [Poul] Norholm testifying on direct examination that he had spent more than $20,000 on attorney fees as the result of this action.  The Court further recalls that [respondents'] counsel did not object when that testimony was admitted.  The Court finds that the award was supported by the evidence presented at trial.  [¶]  The Court therefore denies [respondents'] motion for a new trial on the grounds of excessive damages or insufficiency of the

3

evidence." "[T]he jury did not award excessive damages because they based their award on the testimony about attorney's fees that was presented to them without objection."[2]

However, the court concluded that the jurors' declarations are admissible and "clearly evidence an agreement to include attorney fees in their verdict." It ruled "that [respondents] have shown juror misconduct because the jury awarded attorney fees where there was no legal basis for their recovery." Accordingly, it granted respondents' "motion for new trial."

*Standard of Review*

"'In ruling on a request for a new trial based on jury misconduct, the trial court must undertake a three-step inquiry. [Citation.] First, it must determine whether the affidavits supporting the motion are admissible. (Evid.Code, § 1150.) If the evidence is admissible, the trial court must determine whether

---

[2] In view of the court's ruling, we cannot affirm the order granting a new trial on the ground of excessive damages or insufficiency of the evidence. "On appeal from an order granting a new trial the order shall be affirmed if it should have been granted upon any ground stated in the motion, whether or not specified in the order or specification of reasons, except that (a) the order shall not be affirmed upon the ground of the insufficiency of the evidence to justify the verdict or other decision, or upon the ground of excessive or inadequate damages, unless such ground is stated in the order granting the motion . . . ." (Code Civ. Proc., § 657; see *Sanchez-Corea v. Bank of America* (1985) 38 Cal.3d 892, 905 ["this court cannot affirm the present order [granting a new trial] on grounds of insufficiency of the evidence or excessive damages" because neither ground "is stated in the new trial order"].)

the facts establish misconduct. [Citation.] Lastly, assuming misconduct, the trial court must determine whether the misconduct was prejudicial.' [Citation.] . . . '[A] trial court has broad discretion in ruling on each of these issues, and its rulings will not be disturbed absent a clear abuse of discretion.'" (*Whitlock v. Foster Wheeler, LLC* (2008) 160 Cal.App.4th 149, 160.)

*Admissibility of Jurors' Declarations*

"Upon an inquiry as to the validity of a verdict, any otherwise admissible evidence may be received as to statements made, or conduct, conditions, or events occurring, either within or without the jury room, of such a character as is likely to have influenced the verdict improperly. No evidence is admissible to show the effect of such statement, conduct, condition, or event upon a juror either in influencing him to assent to or dissent from the verdict or concerning the mental processes by which it was determined." (Evid. Code, § 1150, subd. (a).) Accordingly, "[a] jury verdict cannot be impeached by evidence of the jurors' mental processes and reasoning . . . ." (*Bandana Trading Co., Inc. v. Quality Infusion Care, Inc.* (2008) 164 Cal.App.4th 1440, 1446.)

The trial court erred and abused its discretion in determining that juror D.P.'s declaration was admissible. It described in conclusionary language how the jury had calculated the amount of damages. (See *Maxwell v. Powers* (1994) 22 Cal.App.4th 1596, 1604 ["The juror affidavits submitted by Maxwell recited the reasoning process the jury employed during deliberations to arrive at its damages figures. . . . As such, the affidavits reflected the jurors' subjective mental processes and constitute inadmissible evidence to impeach a

5

verdict"]; *Mesecher v. County of San Diego* (1992) 9 Cal.App.4th 1677, 1683 ["evidence about a jury's 'subjective *collective* mental process purporting to show *how* the verdict was reached' is inadmissible to impeach a jury verdict"].)

Juror E.B.'s declaration, on the other hand, was admissible to show jurors' statements and conduct during deliberations. (Evid. Code, § 1150, subd. (a).) E.B. declared that "one of the jurors was adamant that" appellants had incurred attorney fees of $20,000. "[S]ome of the jurors" made a calculation that included the $20,000 figure in the total amount – $27,688.50 – of recoverable damages. They "presented" this calculation "to the group for approval." The jurors' presentation of the calculation, which included attorney fees, is an admissible overt act. "Juror declarations are admissible to the extent that they describe overt acts constituting jury misconduct, but they are inadmissible to the extent that they describe the effect of any event on a juror's subjective reasoning process." (*Barboni v. Tuomi* (2012) 210 Cal.App.4th 340, 349; see *Tramell v. McDonnell Douglas Corp.* (1984) 163 Cal.App.3d 157, 172 ["The declaration of the foreperson . . . evidenced a discussion dealing with the specifics of attorney fees . . . . The fact that such comments were made is overt conduct, objectively ascertainable"]; *Krouse v. Graham* (1977) 19 Cal.3d 59, 80-81 (*Krouse*) ["if the jurors . . . actually discussed the subject of attorneys' fees and specifically agreed to increase the verdicts to include such fees, such discussion and agreement would appear to constitute matters objectively verifiable, subject to corroboration, and thus conduct which would lie within the scope of [Evidence Code] section 1150"].) The jury must have approved

the $20,000 attorney fees figure because it awarded damages of exactly $27,688.50.

*No Misconduct Because the Evidence*

*Supported an Award of Attorney Fees*

The trial court abused its discretion in concluding that a new trial was warranted because the jury had engaged in misconduct.  Poul Norholm testified that he had incurred attorney fees in excess of $20,000.  Respondents did not object or move to strike his testimony.  "[E]vidence which is admitted in the trial court without objection, although incompetent, should be considered in support of that court's action . . . ." (*In re Fraysher's Estate* (1956) 47 Cal.2d 131, 135; see also *In re Doran's Estate* (1956) 138 Cal.App.2d 541, 553 ["evidence admitted without objection or motion to strike may be considered in support of the judgment"].)  The trial court ruled:  "[T]he jury did not award excessive damages because they based their award on the testimony about attorney's fees that was presented to them without objection."  "The Court finds that the award was supported by the evidence presented at trial."

Respondents assert:  "[They] object to the unsubstantiated statements by Appellants that any evidence was presented at trial to support an award for attorneys fees.  No court reporter transcribed the court testimony, and the trial court relied on its own recollections as to whether appellant Poul Norholm actually uttered an amount for attorneys fees incurred by him. . . . Respondents[']  legal counsel does not recall the testimony."  But we must presume that the trial court's findings as to Poul Norholm's testimony are correct.  "On an appeal on the clerk's transcript alone, findings are presumptively correct

7

[citation] and the appellate court must assume that there was substantial evidence adduced at the trial to support the findings." (*Berg v. Investors Real Estate Loan Co.* (1962) 207 Cal.App.2d 808, 813; see also *Construction Financial v. Perlite Plastering Co.* (1997) 53 Cal.App.4th 170, 179 ["It is a fundamental principle of appellate review that the factual findings of the trial court are presumed correct"].)

*No Misconduct Because Jury Could Reasonably Construe Instructions as Allowing Attorney Fees Award*

The trial court's finding of misconduct cannot be premised upon the jury's failure to follow instructions on the calculation of damages. (See *People v. Lavender* (2014) 60 Cal.4th 679, 687 ["The violation of the court's instructions constitute[s] misconduct"].) The damages were awarded on Norholm Builders' cause of action for breach of contract. As to such damages, the jury was instructed as follows pursuant to CACI No. 350: "If you decide that Norholm Builders, Inc. has proved its claim against [respondents] for breach of contract, you also must decide how much money will reasonably compensate Norholm Builders, Inc. for the harm caused by the breach. This compensation is called 'damages.' The purpose of such damages is to put Norholm Builders, Inc. in as good a position as it would have been if [respondents] had performed as promised. [¶] To recover damages for any harm, Norholm Builders, Inc. must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as [a] result of the breach of the contract. [¶] Norholm Builders, Inc. also must prove the amount of [its] damages according to the following instructions. It does not have to prove the exact amount of damages. . . . [¶] Norholm

8

Builders, Inc. claims damages for the remaining amount due on the contract for remodeling work for [respondents]."

The jury could have reasonably found that an award of attorney fees was necessary to put Norholm Builders "in as good a position as it would have been if [respondents] had performed as promised." If respondents had performed as promised, Norholm Builders would not have incurred attorney fees. The jury could also have reasonably concluded "that when the contract was made, both parties knew or could reasonably have foreseen that [attorney fees were] likely to [be incurred] in the ordinary course of events as [a] result of the breach of the contract." Neither party could have reasonably expected that the innocent party suffering harm as a result of the breach would sue in propria persona.[3]

The jury was instructed that "Norholm Builders, Inc. claims damages for the remaining amount due on the contract for remodeling work for [respondents]." The instruction did not limit the recoverable damages to this amount.

The trial court gave CACI No. 355, which provided, "To recover damages for the breach of a contract to pay money, the party claiming a breach must prove the amount due under the contract." The jury was not instructed that its award of damages could not exceed the amount due under the contract.

Thus, by including attorney fees in its award of damages, the jury did not violate the instructions.

---

[3] Because Norholm Builders is a corporation, it "must be represented by licensed counsel in proceedings before courts of record." (*CLD Construction, Inc. v. City of San Ramon* (2004) 120 Cal.App.4th 1141, 1145.)

*Krouse is Distinguishable*

In granting a new trial, the trial court relied on *Krouse*, *supra*, 19 Cal.3d 59.  The court stated, "[I]t is clear, based on *Krouse*, that jury consideration of attorney fees where they are not recoverable is juror misconduct leading to a new trial."  The trial court concluded that respondents "have shown juror misconduct because the jury awarded attorney fees where there was no legal basis for their recovery."

*Krouse* is distinguishable.  There, in support of his motion for new trial, defendant submitted the declarations of four jurors "alleging that 'several jurors commented' on their belief that plaintiffs' counsel would be paid one-third of the total award." (*Krouse*, *supra*, 19 Cal.3d at pp. 79-80.)  The declarations recited "that the award to [plaintiff] Mladinov was 'determined' by adding $30,000 for legal fees to the $60,000 the jury estimated Mladinov would require to hire a helper for 10 years."  (*Id*. at p. 80.)  Mladinov had sued defendant for personal injuries sustained in a collision with defendant's vehicle.

The trial court struck the juror declarations because they "contained inadmissible evidence and involved the 'mental processes' of the jurors." (*Krouse*, *supra*, 19 Cal.3d at p. 80.)  The trial court denied defendant's motion for a new trial.  The Supreme Court concluded "that the declarations were admissible, necessitating a reconsideration [by the trial court] of defendant's motion for a new trial." (*Ibid*.)  The Supreme Court stated: "Generally, it is clear, attorneys' fees are not recoverable in personal injury or wrongful death actions [citations].  An express agreement by the jurors to include such fees in their verdict, or extensive discussion evidencing an implied agreement to that effect, constitutes misconduct requiring reversal." (*Id*. at p. 81.)

10

Unlike the present case, in *Krouse* (1) no evidence was introduced as to the amount of Mladinov's attorney fees, and (2) the trial court did not give jury instructions on breach of contract damages that could reasonably be construed by the jurors as authorizing the inclusion of attorney fees in their award of damages.

### Conclusion

The jury's award of attorney fees was due to two factors: (1) the admission of Poul Norholm's testimony that he had incurred attorney fees of more than $20,000, and (2) instructions on breach of contract damages that could reasonably be construed by the jury as authorizing an award of attorney fees. Both of these factors were within respondents' control. They could have prevented the award by objecting to the question that elicited Poul Norholm's testimony about attorney fees or by moving to strike his testimony and requesting that the jury be admonished to disregard it. Respondents also could have prevented the award by requesting that the court give CACI No. 3964 informing the jury to "not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit." In view of Poul Norholm's unstricken testimony about attorney fees, the instructions on breach of contract damages, and respondents' failure to request CACI No. 3964, the jury did not commit misconduct by including an award of attorney fees in the amount of damages. The trial court therefore abused its discretion in granting respondents' motion for a new trial on the ground of jury misconduct.

### Disposition

The order granting respondents' motion for a new trial is reversed. Appellants shall recover their costs on appeal.

11

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

Ginger Garrett, Judge

Superior Court County of San Luis Obispo

_____

Law Offices of Clay A. Schroeder and Clay A. Schroeder, for Cross-complainants and Appellants.

Law Offices of Daniel M. McGee and Daniel M. McGee, for Cross-defendants and Respondents.